IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

SAMUEL HENDERSON,                §
                                 §
                   Plaintiff,    §
                                 §
v.                               §   Civil Action No. 3:17-CV-2211-D
                                 §
DART POLICE OFFICER DAKARI       §
DAVIS #509, et al.,              §
                                 §
                   Defendants.   §

MEMORANDUM OPINION
AND ORDER

The court raises *sua sponte* that it lacks subject matter jurisdiction in this removed case, and it orders that defendants file a response within 14 days that demonstrates that the court has subject matter jurisdiction.[1]

I

Plaintiff Samuel Henderson ("Henderson") filed this lawsuit in Texas county court against Dallas Area Rapid Transit ("DART") police officer Dakari Davis ("Officer Davis") and DART,[2] alleging what appear to be claims under Texas state law based on his April 16,

---

[1]Under § 205(a)(5) of the E-Government Act of 2002 and the definition of "written opinion" adopted by the Judicial Conference of the United States, this is a "written opinion[] issued by the court" because it "sets forth a reasoned explanation for [the] court's decision." It has been written, however, primarily for the parties, to decide issues presented in this case, and not for publication in an official reporter, and should be understood accordingly.

[2]Henderson originally sued Officer Davis and DART in county court. In his amended petition, he removed Officer Davis from the case caption, leading DART and Officer Davis to believe that Henderson intended to pursue his claims only against DART. DART alone

2015 arrest and subsequent period of confinement. DART removed the case to this court, contending in its amended notice of removal that

> [t]he state court action brings a claim for false arrest and imprisonment that falls under the Fourth Amendment . . . to the United States Constitution as applied to the states or instrumentalities of the state through the Fourteenth Amendment. Accordingly, Plaintiff has raised a "federal question" resulting in this Court having original jurisdiction pursuant to 28 U.S.C. § 1331.

Am. Not. of Removal at 2.

II

"Federal courts are courts of limited jurisdiction, and absent jurisdiction conferred by statute, lack the power to adjudicate claims." *Stockman v. Fed. Election Comm'n*, 138 F.3d 144, 151 (5th Cir. 1998). In addition, the court is obligated under 28 U.S.C. § 1447(c) to remand the case "[i]f at any time before final judgment it appears that the district court lacks subject matter jurisdiction[.]" *Id.*; *see also Ansley v. HealthMarkets Inc.*, 416 Fed. Appx. 445, 448 (5th Cir. 2011) (per curiam) ("Section 1447(c) specifies that a case may be remanded for lack of subject matter jurisdiction or a defect in removal procedure."). In fact, "the court must notice its own lack of subject matter jurisdiction *sua sponte*, if necessary." *TruGreen Landcare, L.L.C. v. Scott*, 512 F.Supp.2d 613, 618 (N.D. Tex. 2007) (Fitzwater,

---

removed the case. After filing his amended petition, however, Henderson informed DART that he did not intend that Officer Davis be dismissed from the lawsuit. DART and Officer Davis then filed an amended notice of removal, an amended civil cover sheet, and an amended supplemental cover sheet to reflect that Officer Davis is still a party to this lawsuit. The court is not raising its apparent lack of subject matter jurisdiction based on Officer Davis' failure to join in the initial removal of this case.

J.). The court therefore raises *sua sponte* that it appears to lack federal question jurisdiction and that the case must be remanded.

III

"Ordinarily, the well-pleaded complaint rule governs federal question jurisdiction. Under the rule, '[r]emoval is not possible unless the plaintiff's "well pleaded complaint" raises issues of federal law sufficient to support federal question jurisdiction.'" *Barrett v. Bank of Am., N.A.*, 2014 WL 2217337, at *2 (N.D. Tex. May 29, 2014) (Fitzwater, C.J.) (alteration in original) (quoting *Ervin v. Stagecoach Moving & Storage, Inc.*, 2004 WL 1253401, at *2 (N.D. Tex. June 8, 2004) (Fitzwater, J.)); *see also Carpenter v. Wichita Falls Indep. Sch. Dist.*, 44 F.3d 362, 366 (5th Cir. 1995) ("A determination that a cause of action presents a federal question depends upon the allegations of the plaintiff's well-pleaded complaint." (citing *Louisville & Nashville R.R. Co. v. Mottley*, 211 U.S. 149 (1908))). The well-pleaded complaint "rule makes the plaintiff the master of the claim; he or she may avoid federal jurisdiction by exclusive reliance on state law." *Caterpillar Inc. v. Williams*, 482 U.S. 386, 392 (1987). Therefore, even if federal claims are available, the plaintiff may remain in state court by relying exclusively on state law. *See id.* If, on its face, the plaintiff's state-court petition contains no issue of federal law, there is no federal question jurisdiction. *Aaron v. Nat'l Union Fire Ins. Co.*, 876 F.2d 1157, 1160-61 (5th Cir. 1989).

Defendants assert in their amended notice of removal that removal is proper because Henderson's claims for false arrest and imprisonment "fall[] under" the Fourth and Fourteenth Amendments to the United States Constitution. Am. Not. of Removal at 2. This

- 3 -

assertion is misplaced. "A federal question claim does not exist simply because facts are available in the complaint to suggest such a claim." *Barrett*, 2014 WL 2217337, at *2 (citation omitted). Henderson alleges only state-law claims in his amended petition. Although he refers to his "right to freedom granted him by these United States of America," and refers to himself as a "citizen of these United States of America," he neither cites nor refers to the Fourth Amendment, the Fourteenth Amendment, any other amendment to the United States Constitution, or to federal law. Nor do the "right to freedom" or the right to freedom from arrest without probable cause arise exclusively under federal law. In fact, Henderson specifically pleads that "defendant did not have probable cause to arrest plaintiff, and defendant's warrantless arrest was not justified *under Texas law*." Am. Pet. ¶ 34 (emphasis added). Moreover,

> the fact that the [amended] petition contains allegations that *could* support a federal question claim is not controlling. A defendant cannot remove a case based on federal question jurisdiction by taking allegations made in support of a state-law claim and demonstrating how the same allegations would support a federal-law claim. The plaintiff is the master of [his] complaint, and [he] may, as [Henderson] has done here, rely exclusively on state law, even if the same allegations would support a cause of action under federal law.

*Barrett*, 2014 WL 2217337, at *3. Accordingly, the court raises *sua sponte* that it lacks subject matter jurisdiction and that this case should be remanded to county court.

IV

Because the court is raising *sua sponte* that it lacks subject matter jurisdiction over this case, it grants defendants leave to file a response within 14 days of the date this

- 4 -

memorandum opinion and order is filed. Defendants must demonstrate why the court should not remand this case to county court. The court will evaluate defendants' response before deciding whether to invite Henderson to file a reply brief. Nothing in this order, however, should be construed as precluding Henderson from filing a motion to remand based on the grounds raised in this memorandum opinion and order.

* * *

Accordingly, the court orders that, within 14 days of the date this memorandum opinion and order is filed, defendants file a response demonstrating that this court has subject matter jurisdiction in this case. Otherwise, this case will be remanded to county court.

**SO ORDERED**.

November 29, 2018.

SIDNEY A. FITZWATER
SENIOR JUDGE